# EXHIBIT 1



**RXT / ALL**
**Transmittal Number: 24747475**
**Date Processed: 04/11/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Eric Levine<br>Berbix Inc.<br>2338 Market St<br>Fl 2<br>San Francisco, CA 94114-1521 |

| | |
|---|---|
| **Entity:** | Berbix Inc.<br>Entity ID Number  3782817 |
| **Entity Served:** | Berbix Inc. |
| **Title of Action:** | Saba Mahmood vs. Berbix Inc., |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Lake County Circuit Court, IL |
| **Case/Reference No:** | 22LA00000112 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 04/07/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mcguire Law, P.C<br>312-893-7002 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Lake_____ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | SABA MAHMOOD, on behalf of a class<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | BERBIX INC.<br>**Defendant / Respondent** *(First, middle, last name)* | 22LA00000112<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br>a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):* BERBIX INC.<br>Registered Agent's name, if any: THE COMPANY CORPORATION<br>Street Address, Unit #: 251 LITTLE FALLS DRIVE<br>City, State, ZIP: WILMINGTON, DE 19808<br>Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>☐ Sheriff  ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☐ Special process server  ☐ Licensed private detective |

| SU-S 1503.2 | Page 1 of 4 | (06/21) |
|---|---|---|

Enter the Case Number given by the Circuit Clerk: 22LA00000112

| In **2**, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
| | | Amount claimed: $ 50,000.00 + (to be determined) |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:** |

**3.** **Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last)*: MCGUIRE LAW, P.C.
Street Address, Unit #: 55 WEST WACKER DRIVE, 9TH FLOOR
City, State, ZIP: CHICAGO, ILLINOIS 60601
Telephone: (312) 893-7002          Email: AHELDUT@MCGPC.COM

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

**4.** **Instructions for person receiving this *Summons* (Defendant):**

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | ☑ | a. | To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: |

Address: Lake County Courthouse, 18 N County Street
City, State, ZIP: Waukegan, IL 60085

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ | b. | Attend court: |

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
          *Date*          *Time*                                    *Courtroom*
**In-person at:**

| In **4b**, fill out: • The court date and time the clerk gave you. • The courtroom and address of the court building. • The call-in or video information for remote appearances (if applicable). • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | *Courthouse Address*          *City*                    *State*      *ZIP* |

OR
**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):
          By telephone: _____
                                    *Call-in number for telephone remote appearance*
          By video conference: _____
                                              *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ to visit their website
                                        *Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
      *Website*

| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 4/5/2022 |

Clerk of the Court: *Erin Cartwright Weinstein*

| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** |

Date of Service: _____
                          *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| **· STATE OF ILLINOIS,**<br>**CIRCUIT COURT**<br><br>Lake _____ **COUNTY** | **PROOF OF SERVICE OF**<br>**SUMMONS AND**<br>**COMPLAINT/PETITION** | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | SABA MAHMOOD, on behalf of a class _____ <br> **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. <br><br> BERBIX INC. _____ |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

22LA00000112
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
          *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

   ☐ Personally on the Defendant/Respondent:
     Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address, Unit#: _____
     City, State, ZIP: _____

   ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
     member or lives there:
     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address, Unit#: _____
     City, State, ZIP: _____
     And left it with: _____
              *First, Middle, Last*
     Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
     and by sending a copy to this defendant in a postage-paid, sealed envelope to the
     above address on _____ , 20 _____ .
   ☐ On the Corporation's agent, _____
                  *First, Middle, Last*
     Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
     On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: <u>22LA00000112</u>

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

`_____`

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.   On this date: `_____`   at this time: `_____`  ☐ a.m.  ☐ p.m.
      Address: `_____`
      City, State, ZIP: `_____`
      Other information about service attempt: `_____`
      `_____`
      `_____`
      `_____`

2.   On this date: `_____`   at this time: `_____`  ☐ a.m.  ☐ p.m.
      Address: `_____`
      City, State, ZIP: `_____`
      Other information about service attempt: `_____`
      `_____`
      `_____`
      `_____`

3.   On this date: `_____`   at this time: `_____`  ☐ a.m.  ☐ p.m.
      Address: `_____`
      City, State, ZIP: `_____`
      Other information about service attempt: `_____`
      `_____`
      `_____`
      `_____`

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

`_____`

*Signature by:*  ☐ Sheriff
                       ☐ Sheriff outside Illinois:

                       `_____`
                       *County and State*
                       ☐ Special process server
                       ☐ Licensed private detective

`_____`
*Print Name*

**FEES**

Service and Return:  $ `_____`
Miles `_____`   $ `_____`
Total                      $ 0.00 `_____`

If *Summons* is served by licensed private detective or private detective agency:
License Number: `_____`

FILED
4/4/2022 1:28 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| SABA MAHMOOD, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) ) | No. 22LA00000112 |
| v. | ) ) | Hon. |
| BERBIX INC., a Delaware corporation, | ) ) | |
| *Defendant.* | ) ) ) | **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Saba Mahmood ("Plaintiff"), individually and on behalf of all similarly situated

individuals, brings this Class Action Complaint against Defendant Berbix Inc. ("Defendant") for

its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"),

and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on

personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information

and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an

individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric

information" is any information based on a biometric identifier, regardless of how it is converted

or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are

known as "biometrics."

2.      This case is about an internet-based identity verification technology company

capturing, collecting, storing, using and disseminating Plaintiff's and consumers' biometric

NOTICE
PURSUANT TO LCR - 2-2.14
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM _____ ON
_____ AT _____ A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3. In an effort to facilitate identity verification for its customers who require swift onboarding solutions, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their ages and identities.

4. Consumers who seek to purchase and/or use services from Defendant's customers are required to undergo Defendant's identity and age-verification process, which involves uploading a photo ID, such as a driver's license or passport. Defendant then requires the consumer to upload a separate photograph of their face (i.e. a "selfie").

5. Once the photograph is uploaded, Defendant then uses facial recognition technology, which extracts biometric facial geometry scans from the picture on the consumer's ID and the separate "selfie" picture, to match the faces appearing in the photo ID and selfie. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.

6. Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

      a.   inform that person in writing that biometric identifiers or biometric information will be collected or stored;

      b.   inform that person in writing of the specific purpose and the length of

term for which such biometric identifiers or biometric information is being collected, stored and used; and

c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7. In addition, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

9. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

10. BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold her/her most sensitive information and on what terms.

11. BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

3

12.   Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.

13.   Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and without providing written disclosures regarding its purpose for collecting their biometrics and disclosing its retention practices, as required by BIPA.

14.   Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing her biometrics, and those of hundreds of other consumers throughout the state of Illinois.

15.   On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

16.   Defendant Berbix Inc. is a Delaware corporation that conducts and transacts business throughout the state of Illinois, including in Lake County, Illinois, and knowingly transacts with Illinois residents.

17.   At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

18.   This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of

Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

19.     Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Lake County and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Lake County.

## FACTUAL BACKGROUND

20.     Defendant is a developer of online identity verification services, and offers its verification services, which include a biometric verification component, to various clients who require automated identity verification technologies implemented into their services. Defendant integrates its identify verification service with its clients' websites in order to collect information (including biometric data) directly from its clients' customers.

21.     Defendant openly acknowledges that it "uses facial recognition technology for verification and fraud detection purposes. Face geometry data will be used to match the photo on your identity document with the photo(s) taken of yourself."[1]

22.     In or about August of 2020, Plaintiff registered with one of Defendant's clients, SilverCar by Audi, a car rental company with significant operations in Illinois and which requires a fast onboarding process involving identity and age verification. Plaintiff accessed the SilverCar app in Illinois.

23.     After signing up with SilverCar, and before being able to obtain a rental car, Plaintiff was required to upload her Illinois Driver's License and a "selfie" photograph to Defendant's identity-verification platform.

---

[1] https://terms.berbix.com/terms/privacy <last accessed March 29, 2022>.

5

24.     Using its proprietary facial recognition and matching technology, Defendant then collected, stored, and analyzed Plaintiff's facial geometry in order to compare her face with the photograph on her Illinois Driver's License, and thus verify her age and identity.

25.     On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties for data storage purposes in order to facilitate future transactions, but Defendant failed to obtain her consent to do so as required by 740 ILCS 14/15(d).

26.     Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of her biometrics as required by 740 ILCS 14/15(b).

27.     Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiff and the other Class members, as, on information and belief, Defendant is paid by its clients for access to Defendant's facial recognition and matching platform on a per-biometric-transaction basis in violation of 740 ILCS 14/15(c).

28.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

30.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

31.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

32.     Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

33.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

     a.  Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

     b.  Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

     c.  Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before collecting such biometrics;

     d.  Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

     e.  Whether Defendant's conduct violates BIPA;

     f.  Whether Defendant's violations of BIPA are willful or reckless;

7

g.   Whether Defendant's violations of BIPA are negligent; and

h.   Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

34.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

35.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

36.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>COUNT I</u>
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class)**

37.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.     Defendant is a private entity under BIPA.

39.     As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

40.     Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA.

41.     Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

42.     Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

     a.  Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

     b.  Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

     c.  Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

     d.  Defendant failed to obtain a written release from Plaintiff and the Class

9

members, as required by 740 ILCS 14/15(b)(3); and

e. Defendant failed to obtain informed consent to disclose or disseminate the
Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

43.     As alleged herein, Defendant also unlawfully profited from the facial biometrics it
obtained from its clients, including Plaintiff and the other Class members, as Defendant was paid
by its clients for their use of Defendant's biometric verification platform on a per-verification
basis, such that biometrics constituted a necessary element of Defendant's for-profit model. 740
ILCS 14/15(c).

44.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class
members' biometrics as described herein, Defendant denied Plaintiff their respective rights to
biometric information privacy, as set forth in BIPA.

45.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless
violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

46.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or
were at least in reckless disregard of the statutory requirements, as BIPA has been in existence
since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single
sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply
with BIPA disclosure, consent, and policy posting requirements.

47.     Accordingly, with respect to Count I, Plaintiff, on behalf of herself and the
proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 1, 2022

Respectfully Submitted,

SABA MAHMOOD, individually and on behalf of
a class of similarly situated individuals

By:    <u>/s/ Andrew T. Heldut</u>
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12