# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SABA MAHMOOD, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| | ) No. 1:22-cv-02456 |
| v. | )<br>) Honorable Sharon J. Coleman |
| | )<br>) Magistrate Hon. Heather K. McShain |
| BERBIX, INC., a Delaware corporation, | )<br>) |
| *Defendant*. | ) |

## JOINT STATUS REPORT

Plaintiff Saba Mahmood ("Plaintiff"), individually and on behalf of all similarly situated individuals, and Defendant Berbix, Inc. ("Defendant") (together, the "Parties"), hereby submit the following Joint Rule 26(f) Planning Report.

**1.     Nature of the Case**

    **A.     Attorneys of record**

| | |
|---|---|
| Timothy P. Kingsbury (lead attorney)<br>Andrew T. Heldut<br>Colin P. Buscarini<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Fl.<br>Chicago, IL 60601<br>Tel: (312) 893-7002<br>tkingsbury@mcgpc.com<br>aheldut@mcgpc.com<br>cbuscarini@mcgpc.com | Mary A. Smigielski (lead attorney)<br>Michael J. Roman<br>LEWIS BRISBOIS BISGAARD<br>& SMITH LLP<br>550 West Adams Street Suite 300<br>Chicago, IL 60661<br>Tel: (312) 345 1718<br>mary.smigielski@lewisbrisbois.com<br>michael.roman@lewisbrisbois.com |
| *Attorneys for Plaintiff and the putative Class* | *Attorneys for Defendant* |

    **B.     Nature of claims and counterclaims**

Plaintiff, on behalf of herself and a class, asserts violations of the Illinois Biometric

1

Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). Defendant has not asserted any counterclaims at this time.

**C.     Major legal and factual issues**

a. Whether Plaintiff agreed to waive her procedural rights to act as putative class representative and right to a jury trial;

b. Whether Plaintiff impliedly or expressly waived her substantive rights under BIPA;

c. Whether Plaintiff is aggrieved under BIPA and if she has standing to sue;

d. Whether Plaintiff's claims are time-barred under the applicable statute of limitations;

e. Whether Plaintiff's state law claims are preempted by federal law;

f. Whether Defendant collected, captured, or obtained the biometrics of Plaintiff and the members of the Class as defined by BIPA;

g. Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining her biometrics as defined by BIPA;

h. Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which their biometrics, as defined by BIPA, were being collected, stored, and used;

i. Whether the alleged transaction occurred substantially within Illinois;

j. Whether Defendant profited from Plaintiff's and the Class members' biometrics as defined by BIPA;

k. Whether Defendant disseminated or disclosed the Class members' biometrics as defined by BIPA to third parties with their consent;

l. Whether any of Defendant's alleged violations of BIPA are willful or reckless;

m. Whether any of Defendant's alleged violations of BIPA are negligent;

n. Whether Plaintiff and other Class members are entitled to damages and injunctive relief;

o. Whether Plaintiff's claims are appropriate for class certification under Fed. R. Civ. P. 23.

### D. Relief sought by Plaintiff

Plaintiff, on behalf of herself and class, seeks statutory damages under BIPA (740 ILCS 14/20) as well as declaratory relief, injunctive and equitable relief, as well as an award of reasonable attorneys' fees, costs.

### E. General status of the case

This case was initially filed in the Circuit Court of Lake County, Illinois on April 4, 2022. On May 9, 2022, Defendant removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 (Dkt. 1). On June 10, 2022, Defendant filed its Motion to Dismiss (Dkt. 20). On August 25, 2022, the Court denied Defendant's Motion to Dismiss in its entirety (Dkts. 32-33). Defendant intends to file its Answer and Affirmative Defenses by September 23, 2022, and requests that the Court enter an Order extending its responsive pleading deadline to and including September 23, 2022.

## 2. Pending Motions

No motions are currently pending, and there are no existing case deadlines other than the deadline for this Joint Status Report.

## 3. Proposed Discovery Schedule

### A. Type of discovery

Plaintiff: This case will require class certification discovery as well as merits-related discovery regarding Defendant's technology, which will likely require electronic discovery and entry of a standard protective order. Plaintiff also anticipates that third-party discovery as well as expert discovery will be required.

Defendant: Defendant anticipates that threshold merits discovery will be needed to determine whether Plaintiff consented to the conduct alleged in the Complaint and can sustain her individual claims such that class and third party discovery is warranted.

### B. Proposed discovery schedule

| Date | Event |
|---|---|
| September 23, 2022 | Defendant to file its Answer |

3

| | |
|---|---|
| October 28, 2022 | Initial Fed. R. Civ. P. 26(a)(1) disclosures |
| December 2, 2022 | Initial written discovery requests to issue |
| June 1, 2023 | Fact Discovery close |
| June 16, 2023 | Deadline for Plaintiff's initial expert disclosures |
| August 18, 2023 | Deadline for Defendant to depose Plaintiff's experts |
| September 25, 2023 | Deadline for Defendant's initial expert disclosures |
| December 1,2023 | Deadline for Plaintiff to depose Defendant's experts |
| January 15, 2024 | Defendant's and Plaintiff's rebuttal expert reports due. |

The parties request that a dispositive motion deadline and briefing schedule in Plaintiff's Motion for Class Certification be set at or after the close of discovery.

**4.     Trial**

Plaintiff's Complaint requests a trial by jury. The Parties estimate that the trial will last one to two weeks.

**5.     Status of Settlement Discussions**

The Parties have had preliminary settlement discussions but Plaintiff believes discovery is necessary before further settlement discussions will be productive. Accordingly, the Parties do not request a settlement conference at this time.

**6.     Consent to Proceed Before a Magistrate Judge**

The Parties do not unanimously consent to proceed before a Magistrate Judge.

Dated: September 7, 2022                             Respectfully submitted,

| | |
|---|---|
| SABA MAHMOOD, individually and on behalf of a class of similarly situated individuals | BERBIX, INC. |
| By: /s/ Timothy P. Kingsbury<br>*One of Plaintiff's Attorneys* | By: /s/ Michael J. Roman<br>*One of Defendant's Attorneys* |
| Timothy P. Kingsbury<br>Andrew T. Heldut<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Fl.<br>Chicago, IL 60601<br>Tel: (312) 893-7002<br>tkingsbury@mcgpc.com<br>aheldut@mcgpc.com | Mary A. Smigielski<br>Michael J. Roman<br>LEWIS BRISBOIS BISGAARD<br>& SMITH LLP<br>550 West Adams Street Suite 300<br>Chicago, IL 60661<br>Tel: (312) 345 1718<br>mary.smigielski@lewisbrisbois.com<br>michael.roman@lewisbrisbois.com |
| *Attorneys for Plaintiff and the putative Class* | *Attorneys for Defendant* |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on September 7, 2022, I caused the foregoing *Joint Status Report* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Michael J. Roman